IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| JOHN STEPHEN COLEMAN, SR., | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | Case No. 2:21-cv-548-RAH (WO) |
| TRACY JACKSON, *et al.*, | ) ) | |
| Defendants. | ) ) | |

## **ORDER**

On August 17, 2021, Plaintiff John Stephen Coleman, a pretrial detainee confined in the Elmore County Jail, filed this 42 U.S.C. § 1983 action against Defendants Tracy Jackson and Captain Tuck. (Doc. 1.) Specifically, the Plaintiff challenges the conditions of confinement within the jail. On October 4, 2021, the Plaintiff filed a motion for temporary restraining order (Doc. 17), in which he asserts that the jail administrators have retaliated against him for filing this lawsuit by delaying his plea hearing in the Circuit Court of Elmore County and by moving him to different pods. (Doc. 17.) He states that he feels he is not safe and will suffer additional harm. He also requests "this Court take notice of [his] current good health [and] well being in case something detrimental may happen in the near future." (*Id.*)

A temporary restraining order should issue only where the moving party demonstrates (1) that there is a substantial likelihood of success on the merits, (2) that the temporary restraining order is necessary to prevent irreparable injury, (3) that the

threatened injury outweighs the harm the temporary restraining order would cause to the nonmoving party, and (4) that the temporary restraining order would not be adverse to the public interest. *Parker v. State Bd. of Pardons & Paroles*, 275 F.3d 1032, 1034–35 (11th Cir. 2001).

Furthermore, under Rule 65 of the Federal Rules of Civil Procedure, a temporary restraining order may issue without notice to the nonmoving party only if (a) specific facts in an affidavit or verified complaint show that the moving party will suffer immediate and irreparable injury before the adverse party can be heard, and (b) the moving party certifies in writing the efforts he has made to notify the nonmoving party and the reasons notice should not be required. Fed. R. Civ. P. 65(b)(1).

Plaintiff has not met Rule 65(b)(1)'s requirements. Although he has sworn to the facts alleged in his complaint, he does not allege any concrete facts to support a finding that a temporary restraining order is necessary to prevent immediate and irreparable injury before Defendants can be heard in opposition. Second, Plaintiff has not submitted the certification required by Rule 65(b)(1)(B). Because the motion fails scrutiny under Rule 65(b)(1), it is not necessary to analyze the *Parker* elements.

Accordingly, it is

ORDERED that the Motion for a Temporary Restraining Order (Doc. 17) is DENIED.  It is further

ORDERED that this case is referred to the Magistrate Judge for further proceedings.

DONE on this the 4th day of October, 2021.

                                        /s/ R. Austin Huffaker, Jr.
                                    R. AUSTIN HUFFAKER, JR.
                                    UNITED STATES DISTRICT JUDGE