IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| JOHN STEPHEN COLEMAN, SR., | ) |
| Plaintiff, | ) ) ) |
| v. | ) CASE NO. 2:21-CV-548-RAH-SRW ) [WO] |
| TRACY JACKSON, et al., | ) ) |
| Defendants. | ) |

**<u>RECOMMENDATION OF THE MAGISTRATE JUDGE</u>**

Plaintiff filed this *pro se* 42 U.S.C. § 1983 action on August 17, 2021. On August 20, 2021, the Court entered an order of procedure. Doc. 5. The order directed Defendants to file an answer and written report and also directed Plaintiff to "immediately inform the Court and Defendants or Defendants' counsel of record . . . of any change in his address." Doc. 5 at 3, ¶8. The order also advised Plaintiff that "[f]ailure to provide a correct address to this court within ten (10) days following any change of address will result in the dismissal of this action." Doc. 5 at 4, ¶8.

On December 6, 2021, Plaintiff's copy of an order entered November 8, 2021, was returned to the Court marked as undeliverable because Plaintiff is no longer housed at the last address he provided. Accordingly, the Court entered an order on December 10, 2021, requiring that by December 20, 2021, Plaintiff show cause why this case should not be dismissed for his failure to adequately prosecute this action. Doc. 30. The order specifically advised Plaintiff that the administration of this case could not proceed if his whereabouts remained unknown and informed him that his failure to comply would result in a recommendation that this case be dismissed. *Id*. Plaintiff's copy of the December 10,

2021, was returned to the Court on December 29, 2021, marked as undeliverable. The Court therefore concludes this case should be dismissed.

A federal district court has the inherent power to dismiss a case *sua sponte* for failure to prosecute or obey a court order. *See, e.g., Link v. Wabash R.R. Co.*, 370 U.S. 626, 629–30 (1962); Fed. R. Civ. P. 41(b). The Eleventh Circuit has made clear that "dismissal is warranted only upon a 'clear record of delay or willful contempt and a finding that lesser sanctions would not suffice.'" *Mingo v. Sugar Cane Growers Co-Op of Fla.*, 864 F.2d 101, 102 (11th Cir. 1989) (per curiam) (emphasis omitted) (quoting *Goforth v. Owens*, 766 F.2d 1533, 1535 (11th Cir. 1985)). Here, the Court finds that Plaintiff has willfully failed to file a response in compliance with the Court's orders. In light of Plaintiff's disregard for the orders of this Court, the Court further finds that sanctions lesser than dismissal would not suffice in this case.

Accordingly, the undersigned Magistrate Judge RECOMMENDS that this case be DISMISSED without prejudice.

It is ORDERED that the parties may filed objections to the Recommendation **on or before January 19, 2022**.  Any objections filed must specifically identify the factual findings and legal conclusions in the Magistrate Judge's Recommendation to which a party objects.  Frivolous, conclusive or general objections will not be considered by the District Court. This Recommendation is not a final order and, therefore, it is not appealable. Failure to file written objections to the proposed findings and recommendations in the Magistrate Judge's report shall bar a party from a *de novo* determination by the District Court of factual findings and legal issues covered in the report and shall "waive the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions"

except upon grounds of plain error if necessary in the interests of justice. 11TH Cir. R. 3-1; *see Resolution Trust Co. v. Hallmark Builders, Inc.*, 996 F.2d 1144, 1149 (11th Cir. 1993); *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989).

DONE, on this the 4th day of January, 2022.

/s/ Susan Russ Walker
Susan Russ Walker
United States Magistrate Judge